**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

OSCAR MOSQUEDA-BELTRAN,
also known as Oscar Mosqueda-
Castillo, also known as Oscar Robles-
Cornejo, also known as Antonio
Robles,

      Defendant - Appellant.

No. 02-1245
D.C. No. 01-CR-63-N
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

Oscar Mosqueda-Beltran, an alien deported after being convicted of an

aggravated felony, pled guilty to a charge of being found in the United States in

violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced by the district court

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

to seventy-seven months' imprisonment and three years of supervised release, (ROA IV at 9, 11), and he now appeals his sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and **AFFIRM**.

On appeal, counsel for Mosqueda-Beltran filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744 (1967) (allowing attorneys who believe an appeal to be frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief citing to those portions of the record that arguably support the appeal). In the Anders brief, counsel asserts that the defendant's sentence was not imposed contrary to law, as a result of an incorrect application of the sentencing guidelines, or in excess of the applicable guideline range. (Aplt. B. at 8.) Mosqueda-Beltran was afforded an opportunity to respond to the Anders brief, but failed to do so. (Ct. of App. Dkt. #20.)

We have fully examined the proceedings as required by Anders, id., and conclude that the defendant's appeal is wholly frivolous. The district court properly calculated the offense level and criminal history category. (ROA IV at 6–7; ROA V at 2, 4–12.) The sentence imposed was the low end of the applicable guideline range, which is what the United States recommended as part of a plea agreement with Mosqueda-Beltran. (ROA IV at 13.) In this case, the district court's sentence was neither contrary to law nor an incorrect application of the

sentencing guidelines. Therefore, 18 U.S.C. § 3742(a)(1) and (2) are not implicated.

We can find no issues in this case that might properly be the subject of an appeal. Accordingly, counsel's motion to withdraw is **GRANTED** and Mosqueda-Beltran's conviction is **AFFIRMED**.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge